# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **DILLARD A. PUTMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20CV00063 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CORPORAL QUENTIN HARRIS, ET AL.,** | ) | Judge James P. Jones |
| | ) | |
| Defendants. | ) | |

*Andrew Lucchetti* and *Jonathan E. Halperin,* Halperin Law Center, LLC, Glen Allen, Virginia, *for Plaintiff; Christopher S. Dadak,* Guynn Waddell, P.C., Salem, Virginia, *for Defendant Corporal Quentin Harris.*

In this ultimately unsuccessful lawsuit against a K-9 police officer whose dog bit the plaintiff causing severe injury and large medical bills, the defendant officer now seeks costs of $4,097.18 against the plaintiff. For the following reasons, I will sustain the plaintiff's objections and deny any costs.[1]

I.

The plaintiff filed suit under 42 U.S.C. § 1983, claiming that his constitutional rights had been violated by an arrest and seizure that occurred when sheriff's deputies restrained him after the plaintiff's wife had reported that he had disappeared

---

[1] The defendant filed the Bill of Costs on August 3, 2023, ECF No. 66, and the Clerk taxed the costs on August 21, 2023, ECF No. 72. As permitted by Federal Rule of Civil Procedure 54(d)(1), the plaintiff sought review of the Clerk's action on August 25, 2023, Mot., ECF No. 73.

while contemplating suicide.  Following discovery in the case, and on a motion for summary judgment, I dismissed the action against one of the officers, Sergeant Travis Hayton, as well as the unlawful seizure claim against the K-9 officer, Corporal Quentin Harris.  However, I allowed the action to continue to jury trial against Harris based upon his unreasonable release of the canine to attack the plaintiff, who had made no threats of harm to the officers and was not armed. *Putman v. Harris*, No. 1:20CV00063, 2022WL 908937, at *6–7 (W.D. Va. Mar. 28, 2022).  Harris took an interlocutory appeal on the ground of qualified immunity.  The court of appeals reversed, finding that Harris' immunity from liability to the plaintiff had been established.  *Putman v. Harris*, 66 F.4th 181, 188 (4th Cir. 2023) (finding that Harris acted reasonably in releasing the dog to attack the defendant). In obedience to the court of appeals' decision, I entered judgment in favor of defendant Harris.

The Bill of Costs asserts the following items and amounts to be taxed by this court against the plaintiff:

- Fees of the Clerk:  $505.00;
- Fees for service of summons and subpoena:  $143.00;
- Cost of printed or electronically recorded transcripts for use in the case: $1,199.65;
- Fees and disbursements for printing:  $2,249.53;

- Total: $4,097.18.

Bill of Costs, ECF No. 72.  The plaintiff objects to the taxing of any costs against him on the ground that it would constitute a manifest injustice and that the relevant legal factors counsel against it.

## II.

As contended by the plaintiff, I agree that the costs of printing the appellate briefs and appendix are not taxable in this court, but rather in the court of appeals.

Federal Rule of Appellate Procedure 39, entitled "Costs," provides that a bill of costs must be filed with the circuit clerk within 14 days after entry of judgment by the court of appeals.  Fed. R. App. P. 39(d)(1).  The local rules for the Fourth Circuit provide that "the only costs generally taxable in the Court of Appeals are: (1) the docketing fee if the appellant is the prevailing party; and (2) the cost of printing or reproducing briefs and appendices, including exhibits."  4th Cir. R. 39(c). Such costs are taxable "at a rate equal to actual cost, but not higher than 15 cents per page for each copy required for filing and service."  *Id.* at 39(a).  The record shows that the necessary copies of the briefs and appendix for appeal were reproduced by a printing firm for the defendant/appellant.  Bill of Costs 15, 16, 17, ECF No. 66.

The Federal Rules of Appellate Procedure provide that the costs on appeal taxable in the district court are:

(1)   the preparation and transmission of the record;

    (2)    the reporter's transcript, if needed to determine the appeal;

    (3)    premiums paid for a bond or other security to preserve rights pending appeal; and

    (4)    the fee for filing the notice of appeal.

Fed. R. App. P. 39(e).

Considering these provisions, the cost of the printed copies of the briefs and the appendix, which total $2,202.63, should have been sought in the court of appeals and are not taxable by this court.

The additional amount claimed for "printing" — $46.90 — consist of the costs to obtain copies of certain of the plaintiff's medical records. *Id.* at 13,14. I do not find that these costs have been shown to be recoverable.

For these reasons, I find that the printing costs taxed by the Clerk must be vacated.[2]

## II.

After deducting printing costs, there remains $1,847.65 taxed by the Clerk.

Federal Rule of Civil Procedure 54(d)(1) establishes a general rule that costs of litigation, other than attorney's fees, should be awarded to a prevailing party. However, whether to award costs and the amount of costs to be awarded are matters

---

[2] The Fourth Circuit's local rules provide that all costs that are taxed by the circuit clerk are "recoverable" in the district court. 4th Cir. R. 39(c). That plainly does not affect in which court certain costs on appeal are taxable, but only that collection remedies available to the prevailing party are to be overseen by the trial court.

within the discretion of the trial court. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Costs may be refused under Rule 54(d)(1) only if the district court "justif[ies] its decision by 'articulating some good reason for doing so.'" *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (quoting *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990)). The losing party's good faith is not sufficient on its own to warrant a denial of costs, although it is a prerequisite to denying costs to the winner. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

When a case is particularly close and difficult, courts are willing to deviate from the general rule and deny a request for costs. A case's closeness "is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)).

I find beyond doubt that the plaintiff exhibited good faith in the prosecution of this matter. Moreover, as can be observed by examination of the opinions of this court and the court of appeals, it was a close and difficult matter. The plaintiff, obviously suffering from mental distress and not suspected of any crime, was grievously injured by the conduct of the defendant police officer, even if that conduct

was eventually held by a higher court to be reasonable. An award of costs would not be appropriate.

III.

For the reasons stated, it is hereby **ORDERED** that the taxed Bill of Costs, ECF No. 72, is hereby VACATED and the submitted Bill of Costs, ECF No. 66, is DENIED.

ENTER: February 20, 2024

/s/  JAMES P. JONES
Senior United States District Judge